IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES RAY REYNOLDS                                                  PLAINTIFF

vs.                                Civil No. 6:09-cv-06038

MICHAEL J. ASTRUE                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      James Ray Reynolds ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 5).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff protectively filed applications for SSI and DIB on December 20, 2006.  (Tr. 11, 80). Plaintiff alleged he was disabled due to back pain, shortness of breath, hip pain, memory loss, stomach problems, anxiety, swallowing problems, and hypersensitivity to direct sunlight.  (Tr. 121). Plaintiff alleged an onset date of November 15, 2006.  (Tr. 11, 66).  These applications were initially

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

denied on August 13, 2007 and were denied again on reconsideration on October 8, 2007. (Tr. 54-56). On November 12, 2007, Plaintiff requested an administration hearing on his applications. (Tr. 52-53). This hearing was held on December 17, 2008 in Hot Springs, Arkansas. (Tr. 281-316). Plaintiff was present and was represented by counsel, Charles Padgham, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") William David Elmore testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-eight (58) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008), and had completed high school and some vocational training. (Tr. 286).

On February 6, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 11-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 15, 2006, his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease at L4-L5 and L5-S1 levels; degenerative joint disease of the left hip; recurrent, severe major depression with psychotic symptoms; dysthymic disorder; sustained partial remission of cannabis abuse; sustained full remission of amphetamine dependence; generalized anxiety disorder; low blood pressure; increased shortness of breath; and supraventricular tachycardia. (Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

(Tr. 14-22, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *See id.*  Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform a full range of medium work.  *See id.*  A full range of medium work includes the following:

> Medium work.  Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objections weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. § 404.1567(c); 20 C.F.R. § 416.967(c).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 22, Finding 6).  The ALJ found Plaintiff's PRW included work as a tree trimmer (unskilled, medium).  *See id.*  Based upon Plaintiff's RFC, the ALJ found he retained the ability to perform his PRW as a tree trimmer.  *See id.*  Because Plaintiff retained the ability to perform his PRW, the ALJ found Plaintiff had not been under a disability, as defined in the Act, from November 15, 2006 through the date of his decision or through February 6, 2009.  (Tr. 23, Finding 7).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 269-270).  *See* 20 C.F.R. § 404.968.  On March 31, 2009, the Appeals Council declined to review this unfavorable decision.  (Tr. 4-6).  On April 29, 2009, Plaintiff filed the present appeal.  (Doc. No. 1).  The parties consented to the jurisdiction of this Court on July 20, 2009.  (Doc. No. 5).  Both parties have filed appeal briefs.  (Doc. Nos. 7-8).  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. (Doc. No. 7, Pages 1-8). Specifically, Plaintiff claims the ALJ erred (1) by finding his allegations were not totally credible and (2) by finding he could perform work in the national economy. *See id.* In response, Defendant argues that substantial evidence supports the ALJ's RFC determination, substantial evidence supports the ALJ's credibility determination, and substantial evidence supports the ALJ's finding that Plaintiff can perform his PRW. (Doc. No. 8, Pages 6-18). Because this Court finds the ALJ improperly evaluated his subjective complaints, this Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ focused almost entirely upon Plaintiff's drug use. (Tr. 20-21). For example, the ALJ stated the following regarding Plaintiff's drug use:

> Pertaining to Mr. Reynolds' drug use, the Administrative Law Judge asked him the last time he had used methamphetamine. Mr. Reynolds testified that he had not ever really used the drug but made the drug to sell. The Administrative Law Judge referred Mr. Reynolds to his statement to a doctor that he gets along with other people until he uses methamphetamines (Exhibit 3F, p.3). Mr. Reynolds stated he did not remember telling his doctor this. . . . This lack of candor negatively and adversely impacts Mr. Reynolds' credibility.

(Tr. 21). While it is true that Plaintiff's drug use and false statements involving his drug use may diminish his credibility, this fact does not relieve the ALJ of his responsibility to follow the requirements of *Polaski*. Accordingly, because the ALJ's analysis is entirely insufficient under *Polaski*, this case must be reversed and remanded for further consideration consistent with *Polaski*.[3]

Further, on remand, the ALJ should properly evaluate whether Plaintiff's drug abuse should be considered a "contributing factor material to the disability determination" as provided in 20 C.F.R. § 416.935 and 20 C.F.R. § 404.1535. In assessing whether drug abuse should be considered such a "contributing factor," the ALJ should first evaluate the evidence and, based upon that evidence, find whether the claimant is disabled. *See id.* Second, if the ALJ finds claimant disabled, he should further evaluate the evidence and, based upon that evidence, make a determination whether the drug abuse was a contributing factor to the claimant's disability. *See id. See also Brueggemann*

---

[3]This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

7

*v. Barnhart,* 348 F.3d 689, 694 (8th Cir. 2003). If this abuse is found to be a "contributing factor," then the claimant is barred from receiving SSI. *See* 42 U.S.C. § 1382c(a)(3)(J). There are also certain limitations on a claimant's DIB benefits. *See, e.g.,* 20 C.F.R. § 404.316(e)-(d).

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of April, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE