IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES RAY REYNOLDS                                                                          PLAINTIFF

vs.                                          Civil No. 6:09-cv-06038

MICHAEL J. ASTRUE                                                                           DEFENDANT
Commissioner, Social Security Administration

**ORDER**

Pending now before this Court is Plaintiff's Petition for Attorney's Fees under the EAJA. (Doc. No. 15).[1] Defendant has responded to this Petition and objects to the time Plaintiff submitted and to the hourly rate requested as being excessive. (Doc. No. 16). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 5). Pursuant to this authority, the Court issues this Order.

**1. Background:**

James Ray Reynolds ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of his request for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. (Doc. No. 1). On April 26, 2010, this Court reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 10).

On June 28, 2010, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. (Doc. No. 15). With this Motion, Plaintiff requests an award of attorney's fees of $2,598.75, representing 15.75 hours of attorney time at an hourly rate of $165.00. *See id.* Defendant

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

responded to this Motion on July 9, 2010 and objects to Plaintiff's request for fees. Defendant claims Plaintiff is only entitled to 15.25 hours of attorney work at an hourly rate of $125.00 per hour for a total award of $1,906.25. (Doc. No. 16).

## 2. Applicable Law:

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

### 3. Discussion:

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 10). Defendant does not contest Plaintiff's claim that he is the prevailing party, does not oppose his application for fees under the EAJA, and does not object to the hourly rate he requested. (Doc. No. 16). The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $2,598.75 under the EAJA. (Doc. No. 15). Plaintiff requests these fees at a rate of $165.00 per hour for 15.75 hours of attorney work. *See id.* This hourly rate of $165.00 per attorney hour is authorized under the EAJA as long as a CPI demonstrating a cost of living increase is submitted. *See* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff submitted a CPI. (Doc. No. 18). Therefore, this hourly rate is authorized by the EAJA, and this Court finds that Plaintiff is entitled to an hourly rate of

$165.00 per attorney hour.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. (Doc. No. 15). Defendant objects to 0.50 hour Plaintiff's attorney claims he spent reviewing a motion to remand (0.25 hour) and an order remanding Plaintiff's case to the ALJ (0.25 hour). Defendant claims that no such motion was filed and no such order was entered in this case, and Plaintiff should not be compensated for reviewing these documents. This Court has reviewed the docket in this case. Finding no such motion or order filed in this case, this Court reduces Plaintiff's requested hours from 15.75 to 15.25. As such, this Court awards Plaintiff $2,516.25 pursuant to the EAJA. This award represents 15.25 at an hourly rate of $165.00 per hour.

### 4. Conclusion:

Based upon the foregoing, the Court awards $2,516.25 pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **26th day of June, 2010.**

                                          /s/   Barry A. Bryant
                                          HON. BARRY A. BRYANT
                                          U.S. MAGISTRATE JUDGE